JOAB GREEN, Plaintiff in Error, v. THOMAS MASSIE, Executor, &c., Defendant in Error.

### ERROR TO HANCOCK.

Rent accruing out of land, upon a lease granted by the owner in fee, and which does not become due till after the death of the lessor, is a chattel real, which descends to the heir as a part of the inheritance, and does not go the executors.

THOMAS MASSIE, as executor of the last will of William Steel, deceased, sued Green before the Hancock County Court, on a demand for $31.25. The cause was submitted to the County Court, and judgment was rendered against Greene for $18.37 and costs of suit, at February term, 1850, of that court. Green took an appeal from the County Court to the Circuit Court of the same county. At the April term, 1850, of the Hancock Circuit Court, MINSHALL, Judge, presiding, the cause was submitted to a jury, and a verdict was found against Green for a like sum. Green moved for a new trial, which was overruled, and judgment was rendered against Green on the verdict. He brought the cause to this court by writ of error.

The claim of Massie was for rent due for the use and occupation of land in Hancock County, for the year 1848, which was to be paid in one hundred and fifty bushels of corn. The land was owned by Steele.

WARREN & EDWARDS, for plaintiff in error.

The rent was payable to the heirs or devisees, and not to the executor, and the executor could not sue for it. Williams on Executors, 583 to 586; 3 Bacon's Abr., Executor & Adm., title H. 3, page 62; Toller on Executors, 176; 7 B. Monr. 21; Woodfall's Land. & Ten. 299.

BROWNING & BUSHNELL, for defendant in error.

By our statute, growing crops are assets in the hands of the executor; a fortiori, the rent part of a growing crop; a fortiori,

the money which becomes due in the place of rent-corn, where the tenant fails to deliver the corn. It will hardly be insisted, that where the corn belongs to the executor, the money in lieu of it belongs to the heir. Rev. Stat. 554, §§ 81, 86, 89, 96 and 97; Id. 333, § 1.

CATON, J. This was an action brought by Massie, as executor of Steel, against Green, to recover rent due the estate of Steel. The evidence shows a yearly tenancy of a farm belonging to the estate of Steel, the lease of which was made during the lifetime of the testator. Steel died in October, 1848, and the rent did not become due and payable before the December following.

The defendant requested the court to instruct the jury, "That if the jury believe, from the evidence, that William Steel, in his lifetime, rented this farm for 1848, and that the rent became due in 1848, and that before that time, the said Steel, the landlord, died, leaving children, to whom the land descended at his death; that then the executor, the plaintiff in this suit, cannot recover for such rent." This instruction the court refused to give, but instructed that, "If the jury believe, from the evidence, that Green occupied Steel's place under an agreement by which he was to pay rent to Steel, and if they further believe, from the evidence, that said rent is not fully paid, the plaintiff is entitled to recover the balance due on said contract." To these decisions the defendant excepted. We are satisfied that the judge of the Circuit Court was mistaken in this view of the law governing this case. Rent accruing out of land upon a lease granted by the owner in fee, and which does not become due till after the death of the lessor, is a chattel real, which descends to the heir as a part of the inheritance, and does not go to the executor. "If A., seized in fee, grant an estate tail, or a lease for life or years, reserving rent, such rent as accrues after his death, being incident to the reversion, shall go to his heir and not to his executors, although they are expressly named in the covenant." Toller's Executors, 176. The same rule is laid down in Williams on Executors, 583; Woodfall, Land. & Ten. 299; Bullock v. Sneed, 13 S. & M. 295; McCoy v. Scott, 2 Raw. 222. Indeed, this

seems to be the well-settled rule of the common law. Nor does our statute change the rule, as was supposed. The 81st, 86th, 96th, and 97th sections of our Statute of Wills were relied upon. The 81st section requires the executor or administrator to make out an inventory of the real and personal estate, "whether the same shall consist in lands, tenements, hereditaments, annuities, or rents, or in goods and chattels, and rights and credits," which he shall return to the office of the Probate Court. Admitting that this refers to rent not due, at the time of the death of the testator or intestate, it by no means follows, that the legislature intended to vest the title to the rent in the executor or administrator, by requiring him to include in it his inventory. The same argument would prove that the title to the real estate was vested in the executor, for that, too, had to be included in the inventory. The 86th section makes no reference to the subject of rent, and we do not see that it has any application here. The 89th section is of the same character as the 81st, and is answered in the same way. What has been said of the 86th section is applicable to the 96th. The 97th section authorizes the executor or administrator to sell the growing crops, or to cultivate and harvest them, and then dispose of them; and declares, that the proceeds shall be assets in their hands. Although, by the terms of the lease, this rent was authorized to be paid in corn, yet it was not a growing crop belonging to the testator. The rent was not, necessarily, even a portion of the crop grown upon the land. The tenant was not bound to cultivate any portion of the demised premises in corn; and that which was to be paid as rent, might as well be grown on other land. It was no more a growing crop, in the sense of that statute, than as if the rent was to have been paid in shingles or horses. Nor does the first section of our Landlord and Tenant Act, affect this question. That section provides, "In all cases in which rent may be due and in arrear, on a lease for life or lives, and where lands shall be held and occupied by any person, without any special agreement, for rent, it shall and may be lawful for the owner or owners of such lands, his, her, or their executors or administrators, to sue for and recover such rent, or a fair and reasonable satisfaction for such use and occupation by action of debt or assumpsit, in any court

having jurisdiction thereof." In this, it was not the design of the legislature to change the rights or liabilities of parties, but only to specify the form of the remedy. Nor, in terms, does this law give the right of action to the executor, where the rent was not due at the time of the death of the testator, but only in cases where the rent is due and in arrear, and where the premises are held without any specific agreement for rent. Rent falling due, after the death of the testator or intestate, still descends to the heir as a chattel real, with the estate, and he alone can recover it.

The judgment of the Circuit Court must be reversed, and the cause remanded. *Judgment reversed.*