HUGH M. ALWOOD, Plaintiff in Error, *v.* WILLIAM A. RUCKMAN, Defendant in Error.

### ERROR TO TAZEWELL.

Where one lets a piece of land for the purpose of having a single crop raised upon it, of which the lessor is to have a part, for the use of the land, and the cultivator a part, for his labor, the relation of landlord and tenant does not necessarily exist, but the parties may be tenants in common in the crop; but the relation of landlord and tenant may exist, where the letting is for a year, and the rent is to be paid in a part of the crop; and the parties will not be tenants in common in the crop.

In an action of replevin, for a stack of wheat, where a defendant defends, by stating that he is a tenant in common of the wheat, his plea will be defective if he sets out a history of the tenancy; the plea should aver the tenancy, etc., and then prove on the trial the facts which show him to be a tenant in common.

THIS was an action of replevin, brought by Ruckman against Alwood, in the Mason Circuit Court, and taken by change of venue to Tazewell, and tried before HARRIOTT, Judge, and a jury, at the April term, 1858.

The action was brought for taking a stack of wheat; the affidavit, bond and declaration, were in the usual form.

The defendant pleaded *non cepit*, property in himself, and upon both which issue was joined. And also filed a third plea, to which a demurrer was interposed and sustained, which third plea was withdrawn. The defendant then filed the following additional plea:

And for a further plea herein, defendant saith *actio non*, etc., because he says that said wheat, in said declaration mentioned, was wheat grown and raised upon the farm known as the A. J. Alwood farm, in Mason county, Illinois, during the year 1857. And defendant avers that he leased the said farm to the said plaintiff heretofore, to wit: on the first day of March, 1857, upon which to raise said crop of wheat for said one crop only; and defendant avers by terms of said agreement, said defendant was to have one-third of all the grain grown upon said farm, during said year of 1857; and defendant avers that said wheat, in said declaration mentioned, was the same wheat grown and raised upon said farm for the year 1857; and said defendant

avers that he took said wheat as his portion of said crop, raised upon said premises, as aforesaid, as he lawfully might, and this he is ready to verify. Wherefore he prays judgment if the said plaintiff ought to have or maintain his aforesaid action thereof against him. And he prays a return of said wheat, together with his costs, in this behalf, etc.

To which additional plea a demurrer was interposed and sustained, and defendant abided by the plea.

A jury was then called, and found the issues for the plaintiff.

The only error assigned is, sustaining the demurrer to the additional plea.

JAMES ROBERTS, for Plaintiff in Error.

H. FULLERTON, for Defendant in Error.

CATON, C. J. The law is too well settled to admit of dispute, or to require authorities for its support, that where one lets to another a piece of land, for the simple purpose of raising a single crop upon it, of which the owner of the land is to have a part, and the one who cultivates it is to have a part, to pay him for the cultivation, that in that case, the relation of landlord and tenant need not necessarily exist, but that the parties may be tenants in common in the crop which is raised. The law is, however, equally well settled, that there may be a leasing of land from year to year, or for a single year, where the relation of landlord and tenant may exist, although the rent is to be paid by a portion of the crop, in which case, the parties are not tenants in common of the crop raised, but the title of the whole is in the tenant, until the rent stipulated is paid. Whether the letting be of one kind or the other, must in general, as in most other contracts, depend upon the intention of the parties, although this intention must in most cases be inferred from the circumstances which attend the case. In general, the question of possession will determine the matter. Take the case where the tenant moves on to the farm, and occupies and controls it exclusively, as if it were his for the time being, and is by the agreement so to occupy it for the year, it would be deemed to be in his exclusive possession, and it would be held to be a lease of the farm for the year, although the rent was to be paid in a part of the crops, the amount of which was to be determined by the amount of the crops raised; when the tenant would be held to be the exclusive owner of the crop, until the stipulated rent was set off to the landlord. On the other hand, in a case where the owner of the farm resided upon it, and continued to exercise control over it as the owner, and

allows another to cultivate a crop upon a part, or even the whole of it, and is to receive a portion of the crop as his compensation for the use of the land, we should not presume a tenancy, nor hold the person who cultivates it, to be in the exclusive possession of the portion which he cultivates, and the parties would be tenants in common of the crops. There the cultivator would not have even the right of entry after the crop was off. These examples may border on the extremes, between which there may be an infinite number of gradations, among which, it may be difficult to draw the true line of demarkation, but the difficulty must always be one of fact and not of law, for the principles of law by which they are controled, are very plain and simple. When the facts are doubtful as to whether the possession and control are absolute and exclusive in the tenant, or jointly in the owner of the land and the cultivator of the crop, and whether the right of entry continues for the year, or only till the crop is removed, the inclination will be, and should always be in favor of the latter conclusion.

By testing these pleas by this law, we see they are entirely insufficient to show a tenancy in common in the property replevied. A plea must be taken most strongly against the pleader. These pleas do not affirmatively show a case, where the owner of the land continued in the possession and control of it, either by himself, or jointly with the defendant; or that it was the understanding and intention of the parties when the arrangement was made, that the plaintiff should go away and be as a stranger to the land as soon as the crop was off, but rather the reverse. They show the leasing of an entire farm, and certainly do not deny that the tenant had the absolute and exclusive possession and control of it, for the entire year. If the fact were otherwise, the presumption is, that it would have been so stated in the strongest manner which the proof would sustain. Indeed it was quite unnecessary for the plea to have attempted to set out the history of the tenancy or occupancy, or how the defendant claimed to be tenant in common of the grain replevied. That was a pleading of the evidence. It would have been sufficient to have averred that he was tenant in common of the wheat, wherefore he took it, etc., and then proved the facts on trial, which he supposed tended to establish his title, as a question of law. It was quite immaterial how he became such tenant in common, but the plea contains no such averment.

The demurrer was properly sustained, and the judgment must be affirmed.

*Judgment affirmed.*