SAMUEL W. SARGENT

*v.*

JONATHAN T. COURRIER.

66  245
34a 430

1. REPLEVIN—*title necessary to maintain the action.* Where the plaintiff had leased land for a share in the crops, his portion to be delivered to him in cribs and then to be measured, and before the crops had been gathered it was levied upon as the property of the tenant, whereupon the landlord brought replevin for the same: *Held,* that the plaintiff could not maintain the action, as he had no such property in the crops until they were gathered and divided as to entitle him to maintain replevin.

2. LANDLORD AND TENANT—*property in crops.* In the case of a leasing for a share of the crops raised, to be divided after the same is gathered, the title to the whole of the crop raised will be that of the tenant until divided and possession given; and after the levy of an execution against the tenant, an agreement between him and the landlord that the latter shall receive his share in the field will not be allowed to defeat the levy.

APPEAL from the Circuit Court of Bureau county; the Hon. E. S. LELAND, Judge, presiding.

Mr. M. KENDALL, for the appellant.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The corn in dispute, levied on by the appellant as constable, under Blanchard's execution, and replevied by appellee, was not his property, but the property of his tenant, who had raised it, his rent not going to him until the corn was gathered and divided, appellee to have two-fifths and the tenant three-fifths.

Appellee's share had at no time been set off to him, and, by the contract, it was to be gathered and delivered to him in his cribs over the line in Stark county. He had no owner-ship of it while standing in the field, ungathered. Nor had he, in any view of the case, a right to more than two-fifths. He replevied all grown on the one hundred and ninety rows, three-fifths of which had been levied on as the property of the tenant, Jeffers. Clearly, this he had no authority to do.

On the authority of *Alwood* v. *Ruckman,* 21 Ill. 200, where it was held, where the relation of landlord and tenant exists, although the rent is to be paid by a portion of the crop, the parties are not tenants in common of the crop, but the title to the whole is in the tenant until the stipulated rent is paid, appellee here had no such property in these one hundred and ninety rows of corn, as to entitle him to replevy it from the officer.

It was levied on as the property of Joseph Jeffers, it having been raised by his minor sons, he himself aiding in gathering it. Which of these parties was the legal owner, could have been tried by a constable's jury before the sale; appellee had no right to interfere in that question. So far as he is con-cerned, he had no right of property, or of possession, at the time he sued out the writ of replevin. Two-fifths of the crop became his property when it was put in the cribs and measured, and not before. It is stipulated in the lease that his share is to be cribbed and then measured.

It is admitted it would be in the power of these parties to alter that stipulation of the lease so that the landlord might receive it in the field, but there is no proof this was done be-fore the levy. Parties could not so act as to defeat the levy of an execution after the levy was made. After the levy, appellee claimed all the corn in the field. This claim has the appearance of having been made to defeat the execution. That this corn was the property of the tenant, see *Dixon* v. *Niccolls,* 39 Ill. 372.

What peculiar views appellee may entertain of the law of this case, we are not advised, as no brief has been submitted by him. As presented, we think it a clear case for appellant. The judgment is reversed and the cause remanded.

*Judgment reversed.*