AUGUST KOOB

v.

GEORGE AMMANN.

TENANCY—RENT PAYABLE OUT OF CROP—LANDLORD'S INTEREST NOT SUBJECT TO ATTACHMENT.—Where the rent was to be paid in wheat, to be delivered to the landlord when threshed in the granary, the landlord has no specific part of such grain that may be attached and sold, until the same is so set apart for him, and a levy and sale of his interest before such division, is void.

APPEAL from the Circuit Court of St. Clair county; the Hon.

Koob v. Ammann.

WILLIAM H. SNYDER, Judge, presiding.    Opinion filed April 2, 1880.

.This was an action of trover by appellee for 270 bushels of wheat, grown by a tenant upon appellee's farm, and seized and sold by appellant under an execution from a justice's court against appellee.   The writ of attachment against appellee in the justice court was levied upon one-third of thirty-five acres of wheat growing on the farm of appellee, and afterwards sold upon execution issued in said cause.

Messrs. HAY & KNISPEL, for appellant;  that the attachment was *in rem* and good against the property attached, cited Conn v. Caldwell, 1 Gilm. 521.

The proceedings and judgments of justices of the peace should not be defeated by technicalities: Madison Co. v. Rutz, 63 Ill. 65; .Bliss v. Harris, 70 Ill. 343; Dedman v. Barber, 1 Scam. 254.

Defects in an attachment proceeding can only be attacked in a direct proceeding; they cannot affect a purchaser's title: Moore v. Mauck, 79 Ill. 391; Forsyth v. Warren, 62 Ill. 68; Lawner v. Laughans, 85 Ill. 138; Rigg v. Cook, 4 Gilm. 336; Durham v. Heaton, 28 Ill. 264; Buckmaster v. Carlin, 3 Scam. 104; Swiggart v. Harber, 4 Scam. 364; Cooper v. Reynolds, 10 Wall. 316; Pine v. Mooreland, 15 Ohio, 435; Moore v. Neil 39 Ill. 256; Dingledine v. Hershman, 53 Ill. 280; Bliss v. Heasty, 61 Ill. 338.

Mr. CHARLES W. THOMAS, for appellee.

PER CURIAM.   We think this case was correctly decided. The execution was substantially formal, but the defendant in attachment had, at the time, no such interest in the wheat as tenant in common, or otherwise, as could be levied upon. Alwood v. Ruckman, 21 Ill. 200; Dixon v. Niccols, 39 Ill. 372; Sargent v. Courrier, 66 Ill. 245.

The rent wheat was to be delivered to the landlord when threshed, in the granary—and until so set apart for him the landlord had no specific part—so the levy and sale were unau-

thorized and void. But when the grain was threshed a portion was set apart as the landlord's, and was improperly delivered to the agent of Koob.

This may be treated by the landlord as a segregation of his share, and he may recover its value in this action.

Judgment affirmed.