## OHIO & MISSISSIPPI RAILWAY COMPANY
### v.
## JOHN T. HOELTMAN.

*Railroads—Landlord and Tenant—Wrongful Destruction of Crops —Action by Landlord —Pleading—Ownership of Crops.*

In an action brought by a landlord against a railway company for the destruction of crops through the obstruction of a natural waterway on leased land, by reason of which the landlord lost his rent (which was to be paid out of the proceeds of the crops after they had been marketed by the tenant), it is *held:* That the evidence does not support the declaration, which alleged that the landlord was the owner of the crops destroyed.

[Opinion filed February 4, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WM. H. SNYDER, Judge, presiding.

Messrs. POLLARD & WERNER, for appellant.

Messrs. TURNER & HOLDER, for appellee.

PHILLIPS, J.    Appellee was the owner of a farm which, for a number of years, had been rented to a certain tenant, rent to be paid in part of the crops when gathered.

The tenant was in possession of the farm and the crops not yet matured, when, in June, 1888, the crops were destroyed by reason of the lands being flooded because of the obstruction to the natural flow of the water, by an embankment erected by appellant.

By reason of the destruction of the crops by such flooding of the lands, the appellee received no rent.  He brings his action in the case to recover damages.

The question presented by this record is, whether the landlord, who has rented lands, rent to be paid by part of the crops when matured and sold, may recover for damage to the crops.

The evidence shows the tenant was in possession of the lands and it must be held that he was the owner of the crop until divided and marketed, in accordance with the terms between him and the landlord.   Sargent v. Courrier, 66 Ill. 245; Dixon v. Niccolls, 39 Ill. 372; Hansen v. Denison, 7 Ill. App. 73.

The declaration contains four counts.  The first count charges that the plaintiff was the owner and in possession of lands on which were crops owned by him, and defendant wrongfully obstructed the flow of the water and damaged the crops owned by plaintiff.

The fourth count charges that plaintiff was the owner and cultivating the lands, and while so in possession, the defendant obstructed the flow of water and flooded the property of plaintiff.

The second count charges injury to the lands in possession.

The third count charges that plaintiff was owner of the lands, and while so possessed the defendant wrongfully erected an embankment, whereby the lands of plaintiff were overflowed.

Numerous special findings were asked of the jury and they found for plaintiff on the first and sixth counts for the destruction of crops.

The only counts in the declaration with allegation of the destruction of the crops are the first and fourth; then the finding of the jury on the sixth count must be held to mean the fourth count. Where a tenant leases premises, the rent to be paid by a part of the crop, when matured, and a wrong-doer injures or destroys the crop, whereby the landlord is prevented from receiving his rents as he otherwise might, he may have his action therefor. The evidence shows the destruction of crops which were to be marketed by the tenant and the proceeds to be divided; with that evidence, under the averments of the declaration, the proof offered does not sustain the declaration and the verdict was not in accordance with the law and the evidence.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*