## Dauchy Iron Works v. McKim Gasket and Manufacturing Co.

1. LANDLORD AND TENANT—*Monthly Rent, When Due.*—Where there is no agreement that monthly rent shall be paid in advance, it is not due until the end of the month.

2. DISTRESS FOR RENT—*Not Due.*—Proceedings by distress for rent do not lie unless the rent is due.

Distress for Rent.—Appeal from the Superior Court of Cook County; the Hon. Samuel C. Stough, Judge, presiding.  Heard in this court at the March term, 1899.  Affirmed.  Opinion filed November 16, 1899.

**Statement by the Court.**—Appellant brought distress for rent before a justice of the peace against appellee, the warrant of distraint being levied upon certain personal property in the possession of appellee on November 2, 1896. Thereafter, on the same day, appellee brought replevin in the Superior Court of Cook County against appellant for the same property.  Appellant recovered judgment before the justice, from which the appellee in this court took an appeal to said Superior Court.  In the Superior Court the two causes were consolidated and tried as one cause by the court, without the intervention of a jury, and separate judgments entered; in the replevin case, that appellee retain the property replevied, with one cent damages and costs against appellant, and in the distress case a judgment for costs in favor of appellee and against appellant.  From these judgments the appeal in this case was taken.

The trial in the court below was had upon an agreed statement of facts, viz.:

"It is admitted that the McKim Gasket and Manufacturing Company was the owner of the goods and chattels in question on October 31, 1896.

"It is admitted that the replevin writ was issued Monday morning, November 2, 1896.

"It is admitted that the McKim Gasket and Manufacturing Company moved some of its machinery and fixtures October 31, 1896.

"It is further admitted that the Dauchy Iron Works, to prevent the McKim Gasket and Manufacturing Company from moving the balance of the goods and chattels here in question, ordered the elevator stopped at 12.30 p. m. Saturday afternoon, and that the elevator did not run from that time till 3 o'clock in the afternoon, when it recommenced to run, and continued to run during the rest of the afternoon.

"It is admitted that the McKim Gasket and Manufacturing Company had, since about the 20th day of July, 1896, been in the possession of the premises known as the sixth

floor of the building, numbers 84 to 88 Illinois street, Chicago, Illinois. That the Dauchy Iron Works was the owner of said building. That said McKim Gasket and Manufacturing Company was in possession of said premises as the tenant of said Dauchy Iron Works, at a monthly rental of $40 a month.

" It is admitted that the rent for a portion of July, and all of August and September, was paid on September 1, 1896. It is admitted that the October rent, at the rate of $40, was paid on October 5, 1896.

" It is admitted that a written lease for the premises in question for the term of one year, commencing August 1, 1896, and ending July 31, 1897, at a monthly rental of $40 a month, payable in advance, was drawn by the lessor, the Dauchy Iron Works, and left with the officers of the McKim Gasket and Manufacturing Company to be signed; and that said draft of lease was not signed at the time of delivery by the Dauchy Iron Works, and was not signed by either party at any time.

" It is admitted that the Dauchy Iron Works, as lessor, caused the distress warrant in question to be levied by its agent, Edward A. Rhodes, on Monday morning, November 2, 1896, about nine o'clock; that afterwards, and on Monday, November 2, 1896, a writ of replevin was served upon said Edward A. Rhodes, and the goods in question were taken out of his possession by said officer, under and by virtue of said writ of replevin.

" It is admitted that all rent up to and including the October rent was paid by the McKim Gasket and Manufacturing Company.

" It is admitted that no rent was paid for the month of November by the McKim Gasket and Manufacturing Company.

" It is admitted that no notice of the termination of the tenancy was given by the McKim Gasket and Manufacturing Company.

" It is admitted that on September 1, 1896, a conversation occurred between Joseph Mohr, representing the McKim Gasket and Manufacturing Company, and Samuel Dauchy, representing the Dauchy Iron Works, with reference to signing the draft of leases above referred to, at which conversation said Joseph Mohr stated that the lessee would not sign the draft leases in question, for the reason that its business was experimental, and that it did not care to commit itself to the lease until the success of the business was dem-

onstrated, and that he informed the agent that he might want to stay there three months, or only one month, and might stay there a year, and that if the business was not successful they would move out inside of three months."

LOUIS M. GREELEY, attorney for appellant.

KRAFT & RUST, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

From the statement of facts preceding this opinion it appears that the tenancy of appellee was, at most, a monthly tenancy at $40 per month as rent, without any other agreement between it and appellant as to when the rent was payable.   The first rent was paid on September 1, 1896, which was for a part of the month of July, and for the months of August and September, 1896.   Appellee went into possession on the 20th of July, 1896.   Rent for the month of October, 1896, was paid on October 5, 1896. The written lease which was prepared by appellant and left with the officers of appellee, was not signed, nor does it appear that any of its terms were assented to by appellee. Under such circumstances, and in view of the manner in which the rent was paid, it can not be said that any time was agreed upon as to when the rent was due, except that it was to be paid monthly.

When there is no agreement that monthly rent shall be paid in advance, it is not due until the end of the month. Wood's Landlord & Tenant, Sec. 450, Taylor's Landlord & & Tenant, Vol. 1, Sec. 391; Dixon v. Niccolls, 39 Ill. 372.

The rent for the whole of the month of October having been paid, there was no rent due to appellant on the 2d day of November, 1896, when it distrained.   It follows that the judgment in the distress case was correct.

The evidence shows no right of appellant to retain the property replevied except by virtue of the distress.   The right of distress failing, for the reason that no rent was due, it follows that the judgment in the replevin suit was also correct.

If we are correct in the foregoing conclusions, it is unnecessary for us to consider in this opinion, and we do not therefore refer to, the several contentions and authorities cited by appellant's counsel.

The judgments of the Superior Court are therefore affirmed.