## Gustavus Younggreen v. John Shelton.

1. LANDLORD AND TENANT—*Injury to Tenant Causing Loss to Landlord Recoverable by Him.*—If a person interferes with the tenant so far as to disturb his enjoyment of the use of the premises leased, and thereby causes loss of rent or damage to the landlord, the landlord may have an action.

2. COMMISSIONERS OF HIGHWAY—*Can Not Lawfully Obstruct a Natural Watercourse.*—The commissioners of highways can not lawfully obstruct a natural watercourse to the injury of an adjoining land owner, nor authorize another to do the same, so as to afford any protection for the doing of the wrongful act, in case damage ensued thereby.

3. SAME—*May Drain the Roads, Not Obstructing Natural Watercourses Thereby.*—The commissioners of highways may drain the roads, but in doing so must take care that the water is not diverted from the general course of drainage, and that such courses are maintained free and open without obstruction by any work or structure upon the public highway.

Trespass on the Case.—Appeal from the Circuit Court of Ford County; the Hon. JOHN H. MOFFETT, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed February 19, 1902.

TIPTON & TIPTON and O. H. WYLIE, attorneys for appellant.

M. L. McQuiston and Payson & Kessler, attorneys for appellee.

Mr. Justice Wright delivered the opinion of the court.

This was an action on the case by appellee against appellant for causing the obstruction of the course of natural drainage from appellee's lands upon the land of appellant, whereby the water was caused to back and remain upon the former's land, causing damage to the crops of his tenant, from which appellee received certain shares of the crops as rent, and in consequence of such damage his rents were thereby diminished. The trial was by jury and ended in a verdict against appellant assessing the damages at $50, upon which the court, after having overruled appellant's motion for a new trial, gave judgment, to reverse which this appeal is brought and various errors are assigned and argued by which such reversal is sought, among which are, chiefly, that the court erred in the admission and rejection of evidence, gave wrong instructions to the jury, and refused proper instructions requested by the appellant.

We find no prejudicial rulings of the court upon the admission or rejection of the evidence, nor in the instructions to the jury. The instructions to the jury as a whole were fair to appellant, and covered every phase of his defense to which he was entitled. His first contention as to the law is, that inasmuch as appellee's premises were leased to a tenant, and the title to the crops were in the tenant until the shares of the landlord were delivered to him, there could be no recovery. We do not understand the law to be as contended; otherwise, if a wrongdoer destroyed the crops, thereby causing loss of rent without the tenant's fault, the landlord would be without remedy. The law, we think, clearly is, that if a person interferes with the tenant so far as to disturb his enjoyment of the use of the premises and thereby cause loss of rent or damages to the landlord, he may have action. (Goodell v. Lassen, 69 Ill. 145; O. & M. R. R. Co. v. Hoeltman, 34 Ill. App. 429.) The evidence, we think, proves, and the jury were warranted in

finding, as they no doubt did, that appellant had constructed along the roadside, between his land and that of appellee, an embankment two feet above the natural level of the ground, and higher than the grade of the road, and across the natural depression or watercourse, that caused the water to back and remain on appellee's premises, whereby the crops were damaged to the full amount of the verdict. This bank or dam was constructed in the first place more than five years before the commencement of the suit, and the five years' statute of limitations was interposed as a defense; but the evidence, we think, warranted the jury in finding that appellant maintained the embankment during each year thereafter, and the recovery was limited by the court to five years next before the commencement of the suit, and in this respect appellant has no just cause of complaint. Appellant having kept and maintained the bank or dam for the purpose of obstructing the water in each year, was liable to an action for every year in which damage occurred within the period of limitation. It is also insisted that the embankment was made by appellant under the direction of the commissioners of highways, for the protection of the road, and that the court erred in rejecting some of the evidence upon this point. The commissioners of highways could not themselves obstruct a natural watercourse to the injury of an adjoining landowner, nor authorize another to do the same, so as to afford any protection for the doing of the wrongful act in case damage ensued thereby, and the rejection of the evidence upon this point was proper. Neither did the release of the right of way for the public road, which was offered in evidence and properly rejected, confer any authority upon the commissioners to obstruct the natural course of drainage. Highway authorities have no more right to obstruct natural watercourses to the damage of landowners than private persons. They may of course drain the roads, but in doing so must take care that the water is not diverted from the general course of natural drainage, and that such courses are maintained free and open, without obstruction by any

work or structure upon the public highway. Moreover, we are not impressed with the belief, and doubt if the jury were justified in finding, that all that appellant did to make the bank, was in furtherance of his employment by the highway commissioners. We think the evidence warranted the jury in finding that appellant hauled earth to the place and with it filled the depression upon his own land, with intention to stop the water from flowing upon his premises where it naturally would go if unobstructed, and the result of this was to cause it to accumulate and remain upon appellee's land until in time it would filter away and evaporate. It is true it was claimed by appellant that he designed by this to cause the water to flow in another way until it would reach the same general outlet, but if this was so, the work was ineffective for such a purpose.

The judgment of the Circuit Court will be affirmed.