## Frank Haynes, Executor, Appellant, v. Warren A. McDonald, Appellee.

1. LANDLORD AND TENANT—*when rent payable.* In the absence of special custom or agreement the time of payment of rent is at the end of the term.

2. DESCENT—*to whom rent passes.* Rent accruing after the death of the owner of demised premises is a chattel real and goes to the heir or devisee of such deceased owner and not to his executor or administrator.

Assumpsit.  Appeal from the Circuit Court of McDonough county;
the Hon. HARRY M. WAGGONER, Judge, presiding.   Heard in this
court at the May term, 1910.  Affirmed.  Opinion filed October 18,
1910.

ELTING & HAINLINE, for appellant; DON P. PENNY-
WITT, of counsel.

THEODORE B. SWITZER and FLACK & LAWYER, for ap-
pellee.

MR. JUSTICE BAUME delivered the opinion of the
court.

The question presented for our consideration in this
appeal involves the propriety of the action of the Cir-
cuit Court of McDonough county in sustaining the de-
murrer interposed by the defendant to plaintiff's dec-
laration and in entering judgment against the plaint-
iff in bar of his action.

The declaration alleges in substance that the de-
fendant, Warren A. McDonald, on, to wit, March 1,
1909, was and now is indebted to the plaintiff as execu-
tor of the last will and testament of Josiah McDonald,
deceased, in the sum of $1,000 for rent accruing to
Josiah McDonald in his lifetime; that the said Josiah
McDonald on March 1, 1908, demised to the said de-
fendant a certain tract or parcel of land of the said
Josiah McDonald, with the appurtenances thereunto
belonging for and during the term of one year next
ensuing, the defendant paying to the said Josiah Mc-
Donald as rent for the same the sum of $550 by virtue
of which said demise on the day first aforesaid said
defendant entered into said demised premises and was
possessed thereof from and thenceforth until March
1, 1909, in consideration whereof, the said defendant
at the time of the said demise aforesaid then and there
promised the said Josiah McDonald to pay him the
said money during said term; that the said Josiah
McDonald departed this life on or about the 14th day

of October, 1908, seized in fee simple of the aforesaid demised premises; that the said Josiah McDonald in his lifetime made and published his last will and testament whereby he devised to the defendant the said tract of land for the term of his natural life, with remainder to the daughter of said defendant for the term of her natural life and at her death to the children of her body share and share alike, and whereby also the said testator bequeathed to his daughter Mary M. Haines the sum of $20,000; that the total amount of the personal estate of said testator exclusive of the uncollected rents on the premises demised by him in his life time was $20,093.37, and that the plaintiff as executor had paid on account of debts, legacies and costs the sum of $19,913.20, leaving in his hands $180.17; that the total liabilities of said estate amounted to $23,211.53 leaving a deficiency of personal assets, exclusive of rents, of $3,118.16; that the sum of $550 so agreed to be paid by the defendant to the said testator as rent was not devised to the defendant or to any other person by the said testator and that the plaintiff as executor is of the opinion that it would be of advantage to the said estate to collect the said unpaid rent and apply the same to the payment of debts and legacies; that since the death of the said testator the defendant being so indebted for said rent promised the plaintiff as executor to pay the same, etc.

In the absence of any averment in the declaration of a special custom or contract as to the time of payment of the rent for the premises demised by the testator in his lifetime to the defendant for the term of one year beginning March 1, 1908, such rent was not payable until the end of the term, March 1, 1909, almost four months after the death of the testator. Dixon v. Niccolls, 39 Ill. 372; McFarlane v. Williams, 107 Ill. 33; Dauchy Iron Works v. McKim, 85 Ill. App. 584; Bradley v. Peabody Coal Co., 99 Ill. App. 427.

It is the settled law in this state that rent accruing

after the death of the owner of the demised premises is a chattel real and goes to the heir or devisee of said deceased owner and not to his administrator or executor. Green v. Massie, 13 Ill. 363; Sherman v. Dutch, 16 Ill. 282; Foltz v. Prouse, 17 Ill. 487; Dixon v. Niccolls, *supra*; Stark v. Brown, 101 Ill. 395; LeMoyne v. Harding, 132 Ill. 23.

Tested by these well-established rules of law the declaration failed to allege a cause of action in favor of the plaintiff as executor against the defendant, and the action of the court in sustaining a demurrer to said declaration, and upon the election of the plaintiff to abide the same, in entering judgment against him in bar of his action and for costs was proper. Other questions sought to be raised by the plaintiff are not pertinent on this appeal and not, therefore, considered and determined.

The judgment of the Circuit Court was right and is affirmed.

*Affirmed.*