Albert Grotefendt, Executor, Appellee, v. Ella Schlaeppi-Siever and Hilda Schlaeppi, Appellants.

1. LANDLORD AND TENANT, § 526*—*when tenant owner of wheat to be used to pay rent.* Where rent is to be paid in wheat raised on the land, the tenant remains the exclusive owner of the entire crop until the wheat is threshed and the stipulated share is set off to the landlord.

2. REMAINDERS, § 15*—*when remaindermen entitled to crops paid as rent after death of life tenant.* Under a will giving a life estate in all property to the widow, with the remainder to the children, the children are entitled to the proceeds of wheat threshed and delivered as rent after the death of the widow, although cut and shocked before the widow's death.

Appeal from the Circuit Court of Madison county; the Hon. J. F. GILLHAM, Judge, presiding. Heard in this court at the October term, 1918. Reversed and remanded with directions. Opinion filed April 12, 1919.

COOK & MEYER, for appellants.

SPRINGER & BUCKLEY, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV. and Cumulative Quarterly, same topic and section number.

There is no controversy as to the facts in this case as they appear in the record by stipulation. John Schlaeppi, father of appellants, died testate on February 17, 1917, and his will was admitted to probate in Madison county. Appellants were named as executrices thereof, qualified, and have never been discharged. The only part of the will here relevant is the second clause, which is as follows:

"Second. I give, devise and bequeath unto my wife, Wilhelmina Schlaeppi, all my property and estate, real, personal and mixed of every kind and description, to have and to hold to her for and during the term of her natural life; and subject to said life estate I give, devise and bequeath all of said property and estate, real, personal and mixed, of every kind and description, to my two daughters, Ella Schlaeppi and Hilda Schlaeppi, in equal parts, share and share alike."

Prior to his death, John Schlaeppi was the owner of certain real estate, a part of which he had rented to Tony Schmidt. By the terms of the renting as stated in the stipulation, "Schmidt was to deliver one-third of the wheat grown on the land as rent, such rent wheat to be delivered in the elevator in Highland, Illinois, when same was threshed." Schlaeppi owned the land at the time of his death and the wheat was growing on the land. Wilhelmina Schlaeppi, widow of John Schlaeppi, died on the 15th day of July, 1917. At the time of her death the wheat was in the shock in the field. It was threshed July 20, 1917, five days after her death, was delivered at the elevator in Highland, Illinois, on July 21, 1917, and the money for the same was turned over to appellants. Wilhelmina Schlaeppi died testate, her will was admitted to probate in Madison county and appellee was appointed executor thereof, in which capacity he is now acting. Appellants claim the rent wheat, or the proceeds therefrom, as heirs and devisees of their father, John Schlaeppi, and appellee claims the same as executor

of the estate of Wilhelmina Schlaeppi. Appellee petitioned the Probate Court of Madison county to have appellants cited into court to show cause why they should not pay said rent money to him. The court found appellants had in their possession $544.50, proceeds from sale of rent wheat, due the estate of Wilhelmina Schlaeppi, deceased, and ordered them to pay the same over to appellee. From that judgment of the Probate Court appellants appealed to the Circuit Court of Madison county. In that court appellants made a motion to quash the citation and dismiss the cause. The Circuit Court overruled the motion and on the facts as stipulated ordered appellants to pay appellee said sum of money and costs, and the case has been brought here for review.

Appellants insist that the Probate and Circuit Courts, under sections 80 and 81 of chapter 3 of our statute (J. & A. ¶¶ 130, 131), did not have jurisdiction to hear and determine this cause. That raises a grave question, but for the purposes of this hearing we will assume that the Probate and Circuit Courts had jurisdiction of the subject-matter, as, in our view, the determination of the ownership of the money in question should fully dispose of the case. Where rent is to be paid in kind, the tenant remains the exclusive owner of the crop until the stipulated rent is set off to the landlord. (*Dixon v. Niccolls*, 39 Ill. 372, and cases there cited; *Sargent v. Courrier*, 66 Ill. 245.) Tony Schmidt was the tenant of John Schlaeppi, paying a crop rent, and, under the terms of the lease and the authorities cited, he was, at the death of Wilhelmina Schlaeppi, and for several days thereafter until the same was threshed and delivered at the elevator, the owner of the wheat which was sold for the money in question. The rent wheat which produced that money was neither threshed nor delivered during the lifetime of Wilhelmina Schlaeppi, and by the terms of the lease it was not due at the time of her death. She

therefore never became the owner of such wheat. Said wheat was not converted into money until several days subsequent to her death, and it follows that she was not the owner of the money in question at the time of her death. Appellee, her executor, had no greater right or title in or to the rent wheat, or the money in question, than did Wilhelmina Schlaeppi, and it therefore follows that he never was the owner of the rent wheat and is not now the owner of or entitled to the money in question. Under such circumstances and the well-settled law of this State, the right to receive the rent belonged to appellants, the owners of the fee in the land (*Green v. Massie,* 13 Ill. 363; *Foltz v. Prouse,* 17 Ill. 487; *Dixon v. Niccolls, supra; Haynes v. McDonald,* 158 Ill. App. 294); and it follows that the money derived from said wheat belongs to appellants.

For the reasons above given, the Circuit Court should have dismissed the petition of appellee. The judgment of the Circuit Court is reversed and the cause remanded with directions to dismiss the petition.

*Reversed and remanded with directions.*