**Samuel Brown, Jr., Complainant, v. Martha M. Benson et al., Defendants.**
**Gustave T. Teller, Appellant, v. Virginia M. Benson, Intervening Petitioner, Appellee.**

### Gen. No. 26,399.

1. DESCENT AND DISTRIBUTION—*rent falling due after death of owner of equity of redemption.* Rent falling due for premises after the death of the owner of the equity of redemption therein is a chattel real and descends to the heir as part of the inheritance.

2. MORTGAGES—*when liens on premises exhausted by sale under trust deed.* Where the proceeds of the sale of property under a trust deed, which also gave a lien on the rents, were insufficient to satisfy the mortgage and the receivership was continued for the purpose of collecting the rents and satisfying the deficiency decree, other liens on the premises only were exhausted by the sale.

3. MORTGAGES—*when intervening petition properly dismissed.*

Where a trust deed giving a lien on the rents for any deficiency was foreclosed, a deficiency decree rendered and the receivership continued during the period of redemption for the purpose of collecting the rents and applying them to the deficiency, the petition of an intervening creditor of the mortgagor who came into the case when nothing remained to be done under the decree but to pass upon the receiver's report and distribute the rents in his hands, was not germane to any issues arising under the original bill but was an attempt by one not a party to the suit to transform the proceedings into a creditor's bill or a proceeding in the nature of one and was properly dismissed.

4. CREDITORS' SUIT—*when creditor may proceed against property of joint debtor.* Before a creditor may proceed against the property of one joint debtor, he must exhaust his legal remedy against the others.

5. MORTGAGES—*when intervening petition properly dismissed.* Where a creditor of a husband and wife on a joint debt intervened, on the foreclosure of a trust deed on property of the wife which provided for a lien on the rents for any deficiency, claiming an interest in the proceeds of the rents remaining in the hands of the receiver after payment of the deficiency, his petition was properly dismissed where it was only the insolvency of the wife who had died after the filing of such petition that was admitted and the husband was still living and it did not appear claimant had exhausted his remedies against him.

Appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1920. Affirmed. Opinion filed February 14, 1922. Rehearing denied March 1, 1922.

HENRY M. ASHTON, for appellant.

CANNON & POAGE, for appellee.

MR. JUSTICE BARNES delivered the opinion of the court.

This is an appeal by Gustave T. Teller from an order, entered after a deficiency decree in a foreclosure suit, respecting the disposition of rents in the hands of a receiver appointed in said suit with power to collect the same, said rents having been pledged by the trust deed as additional security for the indebtedness secured thereby, for which Martha M. Benson was

decreed to be personally liable. She was the owner of the equity of redemption.

There were separate appeals from the order by said Teller, Hub Electric Company, Murphy Door Bed Company and J. H. Clark Hardware Company, which have been consolidated for hearing and present the same ultimate question, their respective rights as creditors of said Martha M. Benson to the application of said rents to the payment of their claims.

All appellants, except Gustave T. Teller, were defendants to the original bill of foreclosure and were decreed to have liens subsequent to that of complainant on the premises sold. The deficiency decree found that the sum of $4,386.48 was still due to complainant and continued the receiver for and during the period of redemption from the sale with the powers specified in the original order of appointment.

The sale was had August 8, 1918. The deficiency decree was entered August 13, 1918. May 3, 1919, Gustave T. Teller filed his intervening petition setting up the entry of a judgment in his favor on March 11, 1919, against Martha M. Benson, and asked that the rents collected by the receiver be applied thereon. The receiver and others filed answers thereto. Later the petition was amended to show the return *nulla bona* of an execution issued on said judgment.

May 24, 1919, Martha M. Benson died. November 24, 1919, the receiver filed his final account and report. December 31, 1919, Virginia M. Benson filed an intervening petition setting up that she was the daughter of Martha M. Benson and her only heir at law, and claiming the rents left in the hands of the receiver, it appearing from the receiver's report that the deficiency, all expenses, etc., had been paid. The rents so left in his hands were all collected from the property involved after Martha M. Benson's death. The several appellants filed answers denying her claim to

relief, and claiming the right to have their claims paid out of said fund.

The receiver's report and objections thereto, and said intervening petitions and answers thereto coming on for hearing, the court entered the order appealed from, holding that the rights of Virginia as such heir at law were superior to the claims of appellants, and that the amount so left in the receiver's hands, $2,088.24, be deposited with the clerk of the court to be paid to Virginia, but to be held in his hands subject to further orders of the court in case of perfection of the appeals prayed.

The question briefly stated is whether the appellants can, in this foreclosure proceeding, assert their claim to rents that accrued from the real estate during the period of the equity of redemption from the sale after the death of the owner of said equity.

There can be no question that rent falling due after the death of the owner of the equity of redemption is a chattel real and descends to the heir as a part of the inheritance. (*Green v. Massie,* 13 Ill. 363.) This is conceded. But it is the claim of Gustave T. Teller that his intervening petition is in the nature of a creditor's bill based on his judgment, and that under section 12 of the Frauds and Perjuries Act (ch. 59, Hurd's Rev. St., Cahill's Ill. St. ch. 59, ¶ 12) he may thereby pursue the assets of the deceased debtor into the hands of her heir. The claims of the other appellants seem to rest solely on the fact that the decree gave each a lien on the premises so sold. That of the Hub Electric Company was by virtue of certain judgments obtained against Martha M. Benson, and whatever the nature of the liens of the Murphy Door Bed Company and the J. H. Clark Hardware Company, which the record does not disclose, each was declared to be a lien on the premises only.

The proceeds from the sale were insufficient to satisfy the mortgage, and as complainant was given a

lien under the trust deed not only on the premises but on the issues and profits thereof, including the rent that might be collected during the period of redemption, the receiver was continued to collect the same merely for the purpose of meeting such deficiency. But no lien existed or was declared in favor of the other lienors on the rents. Their liens being on the premises only were exhausted on the sale thereof, as the proceeds were insufficient to satisfy the prior lien of complainant.

It was, therefore, only by virtue of the express provisions in the trust deed pledging the rents to satisfy the debt to complainant in case of a deficiency on sale of the real estate that the court derived authority to deal with the rents accruing thereafter, and to continue the receivership to collect them. When the deficiency was satisfied the balance left in the hands of the receiver was free from any lien, for the decree of foreclosure gave appellants no lien on the rents and they acquired none otherwise. All were mere creditors of Martha M. Benson, Teller coming into the case when nothing remained to be done under the decree but to pass on the receiver's report and distribute the rents in his hands. At that time complainant's claim had been satisfied and, as before stated, no other party to the suit had a lien on the rents. The petition, therefore, was not germane to the issues arising under the original bill. It was in effect an attempt of one not a party to the suit to transform the foreclosure proceedings into a creditor's bill or a proceeding in the nature of one.

It further appears that the judgment on which the petition rested was a joint one against Martha M. Benson and her husband, Michael, and that he was still living. He therefore had a dower right in such rent. While the petition alleged that both Michael and Martha were insolvent, the insolvency of the latter only was admitted. It is a well-established principle

that before a creditor may proceed against the property of one joint debtor he must exhaust his legal remedy against all the others. (8 R. C. L., Creditors' Bills, sec. 23.)

Whatever remedies, therefore, appellants might pursue to reach the fund under section 12 of the Frauds and Perjuries Act (Cahill's Ill. St. ch. 59, ¶ 12), we think that Teller's intervening petition was properly dismissed. The other appellants stand in no better position. In fact, we fail to see that they stand in any other position than asserting without any basis in law or equity that a lien given by the decree to the premises only should be extended to the rent accruing after the sale. Nor do we think that there is any room in this state of facts for application of the invoked doctrine of subrogation.

The order will be affirmed.

*Affirmed.*

GRIDLEY, P. J., and MORRILL, J., concur.