Harry Pearson and Ola F. Pearson, Defendants in Error, v. Wilson Reese and Nerve Reese, Plaintiffs in Error.

Gen. No. 8,984.

Opinion filed June 3, 1936. Rehearing denied October 6, 1936.

S. H. CUMMINS, of Springfield, for plaintiffs in error.

A. D. SITTLER, of Taylorville, for defendants in error.

MR. JUSTICE ALLABEN delivered the opinion of the court.

The essential facts out of which the issues in this case arose are as follows: Harry Pearson and Ola F. Pearson, on January 27, 1932, executed a written lease of a certain 60-acre tract of real estate to Wilson Reese and Nerve Reese, for the period from March 1, 1932, to February 28, 1933. By the provisions of the lease the lessees were to pay or to give to the lessors as rent

two-fifths of all grain raised on the leased land, and to deliver same in market. It appears that defendants appellants delivered to plaintiffs appellees 81 bushels of oats raised on the leased premises; that corn raised on the premises was harvested and put into a crib; that plaintiffs appellees made a demand for rent and subsequently sued out a writ of replevin before one McMillan, a justice of the peace of Taylorville, Illinois, which writ was placed in the hands of one C. A. Williams, a constable, who served it by taking the corn in question. The affidavit for the writ of replevin sworn to by the Pearsons alleged that they were the owners of and lawfully entitled to 400 bushels of corn being in the crib located on the farm occupied by Reeses.

It does not appear from the testimony in the case that there was ever any division made of the corn, as between the lessors and the lessees. The only testimony tending to show any division was given by two witnesses who said they had a conversation with Reese relative to buying the farm, in which he asked them if they had to buy feed corn, and why they did not buy the rent corn in the crib and save him hauling it away.

Jury was waived and the case was tried by the court. At the conclusion of the trial the court overruled a motion on behalf of the defendants appellants for a finding on the issues in favor of the defendants appellants. The court found plaintiffs appellees entitled, as owners, to the possession of the corn described in the affidavit, and gave judgment in favor of plaintiffs appellees for recovery of the corn, assessing damages at one cent.

From this judgment this appeal is prosecuted, relying on the theory that the court erred in finding that the plaintiffs appellees were entitled to the possession of the corn, claiming that the court erred in overruling the motion for a finding in favor of the defendants appellants, and in not finding that at the time of the

commencement of the replevin suit the right of possession to the corn was in the defendants appellants.

There is no question that in order to recover in replevin a plaintiff must be the owner of or have the right to the immediate possession of the property replevied. As our Supreme Court has said in *Simmons v. Jenkins,* 76 Ill. 479, "To sustain the action of replevin for wrongfully taking and detaining a personal chattel, it is necessary to show that the defendant wrongfully took it from the actual or constructive possession of the plaintiff. This is elementary law." We do not see from the evidence in this case that a division of the corn was made or set aside for the lessors so that it could be said that any describable portion of the corn belonged to them.

By chapter 80, section 31, Ill. State Bar Stats. 1935, a landlord is given a lien upon all of the crops grown by the tenant, which lien may be enforced by distraint. As said in the case of *Wright v. Wilson,* 179 Ill. App. 630, at p. 635: "In the case of *Finney v. Harding,* 136 Ill. 573, referred to by counsel for defendants in error, page 580, the court says: 'No better statement, perhaps, can be found in our Reports than that made in the separate opinion of Justices McAllister and Craig, in *Watt v. Scofield* (76 Ill. 261). It is there said: "It is true the plaintiff had a lien given by the statute, but it is a mere lien. The landlord had not, by virtue of the lien, alone, and without levy of a distress warrant, a right of possession." ' . . . And in the case of *Travers v. Cook,* 42 Ill. App. 582, it is said that: 'The landlord has a mere lien on the "crops grown and growing," which does not entitle him to possession until he has issued his warrant and executed it, as the law authorizes him to do. The title and right of possession is in the tenant, subject to be taken away by appropriate proceedings to enforce the lien of the landlord.' "

Where property is leased on share rent, to be divided after the crops are harvested, the title to the whole crop raised is in the tenant until divided and possession given to the landlord. (*Sargent v. Courrier*, 66 Ill. 245.) In that case the landlord tried to defeat a levy against the tenant's share of crops by replevin, and the court in its opinion further says: "On the authority of *Alwood v. Ruckman*, 21 Ill. 200, where it was held, where the relation of landlord and tenant exists, although the rent is to be paid by a portion of the crop, the parties are not tenants in common of the crop, but the title to the whole is in the tenant until the stipulated rent is paid. . . . Two-fifths of the crop became his property when it was put in the cribs and measured, and not before."

The lease in question provided that lessees should pay or give the lessor at the store two-fifths of the corn raised. It appears that when the corn was replevied by the constable all of it was taken and that no attempt had been made at that time to measure off the portion belonging to the lessors or to the lessees, or that what was in the crib had all been set apart for the landlord. Therefore, since no division had been made, and since the rent was to be paid in kind, the corn remained the exclusive property of the tenant until it was set off to the landlord. (*Dixon for use of Brodrick v. Niccolls*, 39 Ill. 372; *Grotefendt v. Schlaeppi-Siever*, 213 Ill. App. 436.)

Therefore, the remedy of replevin is not proper or open for the landlord. He should have proceeded to reduce his portion of the crop to possession by the statutory remedy of distress which allows him to enforce his statutory lien.

For the reasons given the judgment of the trial court is reversed.

*Judgment reversed.*