## BABCOCK v. MISSISSIPPI RIVER POWER CO.

### No. 7124.

Circuit Court of Appeals, Seventh Circuit.
May 22, 1940.

Rehearing Denied July 5, 1940.

Charles J. Scofield, of Carthage, Ill., and John Hale, of Burlington, Iowa, for appellant.

Clifton J. O'Harra and Apollos W. O'Harra, both of Carthage, Ill., and Roswell B. O'Harra, of Macomb, Ill., for appellee.

Before MAJOR and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

This was an action brought by Edward Babcock against the Mississippi River Power Company to recover damages growing out of the erection of a dam in 1913 across the Mississippi River at Keokuk, Iowa, by which the waters of the river were raised and held at the increased height. There was no claim that the dam was unlawfully built, it having been built under authority of an Act of Congress requiring the company to compensate all persons whose lands might be overflowed or otherwise damaged.

The suit was commenced on September 25, 1930 and was tried to a jury on a declaration containing six counts, in which plaintiff sought to recover for damages because he had lost the avails and value of large quantities of farm products which would otherwise have been grown and harvested on the real estate in question for each of the years 1927 to 1930, inclusive.

At the trial of the case the facts developed that the land in question had been rented during the years in question to tenants under written leases for cash as to pasture land and a share of the crops. Thereupon the parties stipulated that plaintiff did not seek to recover for any permanent injury or damage to the land, but sought only to recover for recurring and intermittent damages. It was then that defendant moved to dismiss the suit on the ground that the right of action, if any, was in the tenants and not in the plaintiff landlord. The District Court sustained the motion, the cause was dismissed, judgment for costs was entered against the plaintiff, and plaintiff appealed.

The question we are called upon to decide is: In whom, under the circumstances, is the right of action? In other words, can the plaintiff recover when his land is leased and in possession of a tenant who pays as rental part cash and a portion of the crop raised, the crop to be divided by the tenant and the landlord's part delivered to him in the bin.

 The law is well settled that an action can be brought only by one having a real and actual interest in the subject matter of the suit, and that before a plaintiff can maintain an action he must show that he has an enforceable right. It is not enough for him to show a cause of action in someone else.

In our case, by the stipulation, the parties presented to the trial court the sole proposition as to whether the plaintiff, being the landlord, after having leased the land to a tenant in possession, could recover the difference between the reasonable rental value of the land in its normal condition and the amount he annually received as cash rent plus his share of the crop rental for the years in question.

The record discloses that during certain of the five years in question there was loss of crops from lack of drainage caused by defendant's dam, by reason of the inability of the tenant to raise any crops at all on parts of the land.

It was also proved that the inability to drain parts of the land rendered those parts wet, soggy, miry and putty-like, a place of residence for muskrats and of development for cattails and marshgrass, thus injurying the soil itself and reducing the land to the condition of a swamp, the restoration of which to its normal condition would require years of labor in drainage and refertilization.

These facts, so the plaintiff's counsel argues, spell damage suffered by the owner for which he has a cause of action against the defendant.

Defendant does not agree with this contention and insists that plaintiff is not entitled to recover, the right of action being in the tenant.

 In support of his contention plaintiff cites Younggreen v. Sheldon, 101 Ill. App. 89, in which the court held that if a person interferes with the tenant and disturbs his enjoyment of the use of the premises leased, thereby causing loss of rent or damage to the landlord, the landlord may have an action. This case has never been cited with approval nor followed by any subsequent Illinois case. In our opinion the courts of Illinois have had occasion to pass upon this question many times prior to and since the Younggreen case, supra. Before proceeding to a discussion of the specific cases it is well to note that an injury to annual crops is, as a general rule, an injury to the possession, and the right of action therefore is in the tenant alone, 15 Am.Jur. § 60, p. 250, and where the relation of landlord and tenant exists and the rent to be

paid is a portion of the crop, the title to the whole crop is in the tenant until the stipulated rent is paid. Alwood v. Ruckman, 21 Ill. 200; Dixon v. Niccolls, 39 Ill. 372, 89 Am.Dec. 312; Grotefendt v. Schlaeppi-Siever, 213 Ill.App. 436; and Pearson v. Reese, 286 Ill.App. 511, 3 N. E.2d 929.

Ringering v. Cleveland, etc., Ry. Co., 161 Ill.App. 43, was an action brought by the tenant to recover damages resulting from the overflow of water by reason of the failure of the railroad company to leave sufficient openings in its embankment to carry off the flow of surface water. The defendant sought to prove that the landlord was to receive a portion of the destroyed crop when harvested. The court said, page 45 of 161 Ill.App.: "We are of the opinion that by the weight of authority there is no right of action in the landlord to recover against appellant, but that such right is in the tenant exclusively."

In Ufflemann v. St. Louis, etc., Ry. Co., 194 Ill.App. 42, the plaintiff, a landlord, who had rented his land on a crop basis, brought an action for injury to the rental value of his lands, due to the maintenance by the defendant of an embankment without sufficient outlets to prevent the overflow of plaintiff's land. At page 46 of 194 Ill.App. the court said: "It is conceded that this is an action for loss of rental values only. That the land overflowed in this case was rented and in possession of a tenant is not disputed. The law is well established that where land is rented for either cash or a portion of the crops the landlord has no title to the crops, growing or grown. * * * If this is true on the same theory, the landlord cannot bring an action which is founded on the right of property or the right of possession against a third person who * * * destroys the property. The rental value in this case was in the nature of property, a portion of the crop the title to which and the right of possession was in the tenant until the rent stipulated was delivered or paid to appellee."

■ Plaintiff's counsel also makes the point that this is a suit for damages to his reversionary interest against defendant for rendering plaintiff's land wet, miry and marshy. There can be no question that the owner of real estate may maintain an action where the injury is of a permanent nature, even though the real estate is in the possession of a tenant. Lachman v.

Deisch, 71 Ill. 59; Indianapolis, B. & W. Ry. Co. v. McLaughlin, 77 Ill. 275; and Kankakee & Senecca R. R. Co. v. Horan, 131 Ill. 288, 23 N.E. 621. Unfortunately, however, in our case the plaintiff has expressly stated that he does not seek to recover for any permanent injury or damage to the land in question.

We conclude that under the facts in the instant case and the manner in which the cause was presented to the court, the District Court did not err in sustaining the motion to dismiss.

Judgment affirmed.