In re Donald SMITH, Debtor.

**Mariann Pogge, Trustee, Plaintiff,**

v.

**Drennan Joint Venture, et al., Defendants.**

**Bankruptcy No. 01–72622.
Adversary No. 02–7163.**

United States Bankruptcy Court, C.D. Illinois.

Dec. 11, 2003.

Mariann Pogge, Springfield, IL, trustee.

John S. Narmont, Springfield, IL, for debtor.

James W. Bruner, Elizabeth L. Collins, Bernard G. Segatto, John L. Swartz, Springfield, IL, for creditor.

## OPINION

LARRY L. LESSEN, Bankruptcy Judge.

This proceeding is before the Court on the Trustee's Motion for Summary Judgment on Counts XVII, XVIII, and XXVIII, the Defendant's Response, the Trustee's Motion to Strike Portions of Defendant's Response, and the Motion for Leave to Withdraw Motion for Summary Judgment.

The central issue in this proceeding is whether there was a landlord/tenant relationship or a sharecropping relationship. At the time the Debtor filed his petition for relief pursuant to Chapter 7 of the Bankruptcy Code, the Debtor had provided labor for crops growing on land owned by the Defendant, Drennan Joint Venture. With the approval of the Court, the Trustee hired Greg Leach to harvest all of the growing crops. Mr. Leach harvested the crops and delivered them to Ramsey grain elevator. Ramsey paid the Trustee for the Debtor's one-half share of the crops; Ramsey paid the Defendant directly the sum of $2,212 for its one-half share of the crops.

It is undisputed that the oral agreement between the Defendant and the Debtor provided that the Debtor would provide labor and one-half of the expense for the crop and would receive one-half of the crops. The Defendant controlled the buildings on the property, had a right of possession, and furnished the supplies for its share of the crops.

A sharecropping operation is one wherein the landowner and the cropper combine their efforts and resources to produce crops. As the Court explained in *In re Hilligoss*, 69 B.R. 781, 782–83 (Bankr. C.D.Ill.1986):

A sharecropper is an employee rather than a tenant. "A tenant has an interest in the land and has a right of property in the crop. A cropper has no such interest and works in consideration of receiving a portion of the crop for his labor." *Estate of Flowers*, 95 Ill.App.3d 333, 336, 50 Ill.Dec. 899, 420 N.E.2d 216, 218 (1981). Whether a landlord-tenant relationship or a sharecropping arrangement is created is a question of fact.

Illinois has long recognized that cropshare arrangements do not necessarily create landlord-tenant relationships. The supreme court so stated in the early case of *Alwood v. Ruckman* (1859), 21 Ill. 200, stating that the intention of the parties controls and that the agreement may create either a landlord-tenant relationship or a tenancy in common in the crop.

*Id.* at 334, 420 N.E.2d at 218.

"Where one leases land to another for the purpose of raising a single crop, of which the land owner is to have one part for his rent and the cultivator the remaining part for his pay, the question whether the relation of landlord and tenant exists or the two are tenants in common depends on the intention of the parties, which is usually to be inferred from the circumstances, of which the possession is, in general, determining."

*Wheeler v. Sanitary District,* 270 Ill. 461, 469–470, 110 N.E. 605, 609 (1915), *citing Alwood v. Ruckman,* 21 Ill. 200 (1859).

■ In affirming *Hilligoss,* the Seventh Circuit recognized that intent was normally implied rather than express, and set forth the following factors to consider in assessing the parties' intent:

(1) who lived on the premises; (2) who controlled the buildings; (3) who had the right to possession; (4) who furnished supplies; (5) who divided the crop; (6) the length of the agreement; (7) the extent of the landowner's control over the operation; and (8) the words used in the agreement, if written.

*In re Hilligoss,* 849 F.2d 280, 283 (7th Cir.1988).

■ This Court found a sharecropping relationship existed in *Hilligoss* because the debtor did not have exclusive possession, the landowner had control of the buildings, each party paid for one-half of the expenses and received one-half of the crops, and the crops were divided in the field. 69 B.R. at 783. The Trustee admits that the first four factors from *Hilligoss* are present in this case, but distinguishes *Hilligoss* because the crops in this case were not divided in the field. The Trustee argues that this is the most critical element from *Hilligoss.* The Court believes that *Hilligoss* is factually distinguishable from this case on this point. In *Hilligoss,* the landowner took possession of the crops growing upon its land around the petition date, and then entered into an agreement with the Trustee to harvest them itself. The landowner then delivered the debtor's half of the crops to the elevator in the Trustee's name. 69 B.R. at 783. In this case, the Defendant was not given notice of the petition or of the hearing on the Trustee's petition to hire Mr. Leach to harvest the crops. Under these circumstances, the failure to divide the crops in the field is not determinative.

Based upon the foregoing, the Court finds that the Debtor and the Defendant had a sharecropping relationship. Therefore, the Defendant does not have a landlord's lien upon the crops that can be set aside by the Trustee under § 545. Moreover, because the Defendant retained a one-half interest in the growing crops from planting through harvest, there was no lien to avoid under § 544 and no post-petition transfer to be avoided under § 545.

The Trustee's Motion to Withdraw her Motion for Summary Judgment is not based on the discovery of genuine issues of material fact. Rather, it is based on what she terms the Defendant's "ridiculous" request in its Response to the Motion for Summary Judgment for the return of the $2,212 which the Trustee has from the Debtor's share of the crops. No authority is cited by the Defendant to support this request. The law is clear that a debtor in

a sharecropping arrangement has an ownership interest in one-half of the crops. *Hilligoss, supra,* 69 B.R. at 783. The Court does not need to conduct a trial to arrive at this holding.

For the foregoing reasons, the Trustee's Motion for Summary Judgment is denied. The Trustee's Motion to Strike Portions of Defendant's Response is allowed, and the Trustee's Motion to Withdraw Motion for Summary Judgment is denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

### ORDER

For the reasons set forth in an Opinion entered this day,

IT IS HEREBY ORDERED that judgment is entered in favor of Drennan Joint Venture and against the Trustee on Count XVII.

IT IS FURTHER ORDERED that judgment is entered in favor of Drennan Joint Venture and against the Trustee on Count XVIII.

IT IS FURTHER ORDERED that judgment is entered in favor of Drennan Joint Venture and against the Trustee on Count XXVIII.

IT IS FURTHER ORDERED that the Trustee's Motion to Strike the Defendant's request for the turnover of $2,212 from the Trustee be and is hereby allowed.

IT IS FURTHER ORDERED that the Trustee's Motion for Leave to Withdraw Motion for Summary Judgment be and is hereby denied.