# Indiana, Illinois & Iowa Railroad Company v. Radford Patchette.

1. TENANT—*Right to Sue for Damage.*—A tenant may sue for the recovery of damages to his crops by the overflow of his lands caused by the wrongful construction of a railroad embankment by a railroad corporation.

2. LIMITATIONS—*Continuing Damages.*—Damages originating from a cause not permanent in its character, but which may have existed many years, and back of the statute of limitations, while the statute may be pleaded to the damage accruing beyond five years from the commencement of the suit, yet suit may be brought for continuing damages as long as the original obstruction, causing such damages, remains.

3. RAILROADS—*Constructing Watercourses.*—Railroad companies in constructing their roads must anticipate and provide against probable increases in the flow of water, if not at the time of construction, as soon after as it is rendered necessary.

4. INSTRUCTIONS—*Use of the Word "Say."*—Using the word "say" instead of the word "believe," as, to tell the jury if they could say from the evidence, etc., is not a serious error, as the jury must be presumed to understand the vernacular of the country, and would not be misled.

**Trespass on the Case.**—Overflow of water, etc. Appeal from the Circuit Court of Lexington County; the Hon. CHARLES R. STARR, Judge, presiding. Heard in this court at the December term, 1894. Affirmed. Opinion filed May 28, 1895.

*Plaintiff's eighth instruction referred to in the opinion of the court:*
8. The jury are instructed that the prescriptive right to flood the land of another can only be acquired by full twenty years flooding, and the flooding must be adverse as against the owner of the land, that is, under claim of right as against the owner of the land, and the flooding must be acquiesced in by the owner of the land for the full period of twenty years. And in such case if the owner of the land objects or protests against such flooding within the twenty years, then the prescriptive right will not be acquired.

GEORGE TORRANCE and WHEELER & HUNTER, attorneys for appellant.

C. C. STRAWN, A. C. NORTON and E. E. DAY, attorneys for appellee.

Mr. Presiding Justice Lacey delivered the opinion of the Court.

This was an action to recover damages to crops upon, and injury to certain lands owned by Pattison Patchette, father of appellee. The latter was a tenant from year to year, from about the year 1882 until the commencement of this suit. The original declaration contains several counts charging that appellee was the owner. Upon the impaneling of the jury, appellee, by leave of court, filed four additional counts, charging that he was possessed of the lands in question; that the land sloped northeasterly, and the natural drainage was obstructed by appellant throwing up an embankment upon the north one hundred feet of the quarter section without leaving sufficient openings therein to accommodate the water that naturally fell thereon, and thereby the water was held back and spread upon the land, killing the crop and destroying the productive nature and capacity of the soil for the growing of the crops; the last count charges trespass *quare clausum fregit*. The period of time covered by the declaration commences April 1, 1883, extending to April 7, 1893.

Appellant filed pleas of the general issue, and the statute of limitations, to which appellee replied double. First, general replication; second, special, that it was a continuing injury. Appellant demurred to special replication, which demurrer was sustained by the court after appellee rested his case.

The jury found appellant guilty, and assessed damages at one thousand dollars. The appellant urges as causes of reversal that appellant had acquired a prescriptive right as against the appellee to overflow the land; second, that the construction of the railroad embankment was not faulty, and such embankment did not cause any damage to the appellee; third, appellee was a tenant only, and under the law could not maintain this action.

It was insisted by counsel for appellant that the railroad embankment was made in 1869 and 1870, and that the evidence showed that the appellee made no objections until

April 7, 1893, a period of twenty-three or twenty-four years, before he commenced this action. The appellee made no objection to the obstructions complained of because he was not the owner of the land, and had occupied it but for ten years. It is insisted that this should be a complete defense against the appellee. We think there is nothing in these points. The Supreme Court has repeatedly held that a tenant may sue for the recovery of damages to his crops by the overflow of his lands caused by the wrongful construction of a railroad bank by a railroad corporation. K. S. & R. Co. et al. v. Horan, 131 Ill. 288, and cases cited. Wherever the owner of land may bring his suit for damages to it, and for the crops growing thereon caused by the wrongful act of another, we take it to be well established that a tenant may sue for the damages caused to his tenancy by a similar wrongful act. So far as the contention is concerned that a prescriptive right had accrued to the appellant on account of the lapse of time, we think there is nothing in this point, for the reason that the evidence shows that the railroad embankment, while it was started in 1870, was left in an unfinished condition for about ten years. For that length of time there were no ties, ballast or irons on the embankment, and an opening at the watercourse was left for the passage of water. This remained until 1881, when the gap was filled up, the road bed raised, ties and iron were put on, and the railroad was completed. When the father of appellee purchased this land these latter improvements had not been made; besides, the road bed was raised six inches to a foot at the time the road was finished. The purchaser of the land would have an undoubted right to recover for injuries caused by reason of these additional improvements, which, so far as the evidence shows, was the cause of the most, if not the entire, damages. The nature of the damages complained of in this case are called continuing damages, originating from a cause not permanent in its character, but may have existed many years, and back of the statute of limitations; and while the statute of limitations may be pleaded to the damages accruing beyond five years

from the commencement of the suit, yet suit may be brought for continuing damages as long as the original obstruction may remain, causing such damages. O. & M. Ry. Co. v. Wachter, 123 Ill. 440; C., B. & Q. Ry. Co. v. Shafer, 124 Ill. 112; Schults Brewing Co. v. Compton, 142 Ill. 511; and Horan, *supra.*

This case, as is contended, does not come under the rule in C. & A. Ry. Co. v. Henneberry, 38 N. E. Rept. No. 16, page 1043. The Supreme Court announced in its opinion in O. & M. Ry. Co. v. Wachter, *supra*, the distinction between a permanent and temporary construction of works of a railroad company. It said: " In any event the general proposition should be limited to the case of a railroad built under authority of law, in a reasonable, proper and skillful manner, so as to avoid the infliction of all loss and injury not necessarily resulting from thus building and operating the road." If a road is thus built all its structures may be regarded as permanent, and if any damages accrue to the land on account thereof, then the entire damages may be recovered in one action, and all damages of every nature and kind occasioned by the structure must be sued for within the statutory period of limitations. The evidence in this case shows that the damages to appellee's crops resulted from an improper and unskillful construction of the embankment, without culverts of sufficient capacity at the time of their construction, or since, to permit the passage of the water in its natural and wonted channel. In the present case, as disclosed from the evidence, the appellant could have made culverts of sufficient capacity to carry off the water as it flowed, without causing damage to appellee's crops. Culverts Nos. 30 and 31 were not of sufficient capacity to carry the water, while good railroading required that they should be skillfully and adequately constructed.

It will not be necessary for us to go over and examine the evidence in detail; suffice it to say that the evidence was sufficient to sustain the verdict, and, in fact, it is not seriously insisted that the evidence is not sufficient, provided that appellant's legal points are not sustained. It is insisted by

appellant that the bridge and culverts were built of sufficient capacity to carry off the water at the time they were built, and that it had a right to build them with reference to existing conditions, and that any increase of water caused by persons above, by ditching and otherwise, need not be considered by the railroad company in building its bridges over the channel. We hold, however, that railroads must anticipate this probable increase in the flow of water, and provide against it, if not at the time the work is done, as soon as it is rendered necessary. See case of Horan, *supra*.

It is insisted that appellee's third, fifth, sixth, seventh and eighth instructions are erroneous; the first in using the word " say " instead of " believe " in regard to the damages, if any, to be found by the jury. The instruction tells the jury to give such damages as it could " say " from the evidence the plaintiff was entitled to. This is not a serious error, but an expression often used in court proceedings, instead of the word " believe " or " find." A jury may be supposed to have understood the vernacular of the country, and would not be misled. The fifth instruction told the jury to assess plaintiff's damages at such sum as " you believe him to have sustained under the evidence, and other instructions," etc.

While it would have been better to have omitted the words " and other instructions," yet the jury would readily understand the court meant other instructions on the law points of the case, as there were no other, and if they found according to those and they were correct, there would be no danger of the jury going astray. The sixth instruction is not erroneous in assuming facts, as is supposed by counsel for appellant. The law was properly laid down, and facts were not assumed to have been proved or existing. We do not think that the seventh instruction authorizes recovery for obstructions other than those charged in the declaration, and there were no other obstructions testified about by the witness. The eighth instruction appears to lay down the law correctly in regard to the appellant's claim

of prescriptive right, and the evidence seems to justify it. In regard to the owners of the land objecting and protesting against the flooding within the twenty years wherein it was claimed the prescriptive rights accrued, the instruction was correct. C. & N. W. Ry. Co. v. Hoag, 90 Ill. 348. The appellant's first, instruction refused was properly so refused, as we have shown in this opinion; and also the second and fourth refused instructions, and also the seventh, eighth and ninth refused instructions were properly refused. Seeing no error in the record the judgment of the court below is affirmed.