## Toledo, St. Louis & Western Railway Company v. J. P. Farris, et al.

1. TITLE—*when defendant cannot raise. question of.* Where suit is brought to recover for a crop alleged to have been destroyed by a fire communicated by a spark from one of the defendant's engines, the defendant cannot contend that the title to such crop was in the tenant of

the plaintiff, where such tenant has testified in the case and made no claim thereto.

Action on the case for fire communicated by locomotive. Appeal from the Circuit Court of Shelby County; the Hon. SAMUEL L. DWIGHT, Judge, presiding. Heard in this court at the May term, 1904. Affirmed. Opinion filed November 18, 1904.

CHARLES A. SCHMETTAU, WALTER C. HEADEN, GUENTHER & CLARK, for appellant; CLARENCE BROWN, of counsel.

CHAFEE & CHEW, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action by appellees against appellant, to recover damage to a crop of corn then growing on land of appellees, alleged to have been occasioned by fire which escaped from a passing locomotive engine on appellant's railroad. The plaintiffs recovered judgment in the Circuit Court for $52.50, to reverse which the defendant appeals. Appellees' land adjoined appellant's right of way, ten acres thereof being in meadow and thirty acres in growing corn.

The only question involved is one of fact, appellant contending that the evidence is insufficient to prove that the fire was caused by fire escaping from its engines. While there is no direct evidence as to what caused the fire we cannot say that the jury was not warranted in finding from all the facts and circumstances appearing in evidence, that it was so caused. The question was one exclusively for the jury, and inasmuch as there is evidence tending to prove that one of appellant's engines caused the fire, we are not inclined to disturb the verdict of the jury or the judgment of the trial court based thereon. There is no evidence of the existence of fire in the neighborhood on that day, other than that contained in the passing engine of appellant. There is evidence tending to show that on the day of the fire, two trains passed the point where it originated, a passenger train going east, which was due there at 10:18 A. M., and a freight train going east which passed at about 12:50 P. M. The latter train was drawn by engine No. 101. It is

claimed by appellees that the fire was caused by sparks escaping from the engine of the passenger train due at that point at 10:18. The evidence shows that the freight engine, No. 101, was equipped with the best and most approved spark-arresting device in common use by railroads. No proof of this kind, however, was offered as to the passenger engine.

Complaint is made of the rulings of the court upon the instructions. We are of opinion that there was no error in that regard. The question raised by appellant concerning the ownership of the corn, as between appellees and their tenant, is a matter in which, we think, appellant has no concern. If by its negligence, appellant's engine destroyed the property, it seems to us that it is immaterial to it whether appellees or their tenant receive the damages awarded in view of the fact that the tenant, who testified in the case, made no claim thereto, and is thereby estopped to set up any in the future.

We are further of opinion that the answers to the special interrogatories submitted to the jury are not inconsistent with the general verdict. They related solely to engine No. 101 which appellees admit did not cause the fire.

The judgment of the Circuit Court will be affirmed.

*Affirmed.*