## Flossie Shepherd Blaine et al., Appellees, v. Vandalia Railroad Company, Appellant.

1. RAILROADS—*what evidence not required to establish that fire was communicated by locomotive.* Positive evidence is not required in such a case; substantial evidence is sufficient.

2. RAILROADS—*when prima facie case of liability for fire communicated by locomotive rebutted.* In the absence of evidence to show the equipment of the engine which the evidence tended to show caused the fire, a *prima facie* case made by the plaintiff is not rebutted.

Action in case. Appeal from the Circuit Court of Moultrie county; the Hon. W. G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1909. Affirmed. Opinion filed October 18, 1910.

E. J. MILLER, for appellant.

JOHN E. JENNINGS, for appellee.

PER CURIAM. This is an action by Flossie S. Blaine

and W. H. Peavler against the Vandalia Railroad Company, for the recovery of damages occasioned to them through the loss of a stack of hay and a lot of clover seed in the field, which it is alleged was destroyed by fire by reason of the negligence of the defendant. The trial resulted in a verdict and judgment against the defendant for $60.

The evidence develops that the plaintiff, Mrs. Blaine, was the owner of a farm a short distance east of Lovington, Illinois, through which the right of way and track of the defendant railroad company passed, and which she had leased to the plaintiff Peavler, the rental reserved being one-half of the hay and clover seed. On December 5, 1907, a stack of clover hay and a quantity of seed crop hay in a field adjoining the defendant's right of way were destroyed by a fire, which was first noticed about eleven o'clock in the morning, and was still burning after four o'clock in the afternoon of that day. The fire caught in the field about one hundred feet from the railroad track. One of the defendant's east-bound freight trains had passed the field about an hour before it was observed, but there is no proof that any sparks escaped from the engine.

It is urged as ground for reversal that the evidence was insufficient to warrant the jury in finding that the fire was caused by the engine in question. It was only necessary in the first instance for the plaintiff to establish a *prima facie* case of negligence against the defendant, by introducing evidence to show that the fire was caused by sparks from its engine. Positive evidence is not required in cases of this character, to establish such fact. "The testimony of the plaintiff in a case like this, introduced for the purpose of making out a *prima facie* case, will ordinarily be circumstantial in its character. The circumstantial evidence may consist of proof showing that it was possible for fire to reach the plaintiff's property from the defendant's engine or engines, and that the fire probably

originated from that cause and from no other.'' ''It is always difficult in any case to prove that the fire was caused by a spark from a locomotive by a witness who actually saw the spark falling upon the property destroyed and who actually saw the fire arise from such falling spark.'' First National Bank v. R. R. Co., 174 Ill. 36.

There is an entire absence of any evidence in the case at bar that would raise a presumption or probability that the fire caught from any other source than from a passing engine of the defendant. A majority of this court are of opinion that the facts and circumstances in evidence were sufficient to justify a submission to the jury of the question whether or not the fire was caused by a spark from an engine. T., St. L. & W. Ry. Co. v. Farris, 117 Ill. App. 108. The jury found this issue in favor of the plaintiff. To meet the *prima facie* case thus established, it was essential that the defendant should prove that the particular engine in question was equipped with the best and most approved spark arresting device in common use by railroads. While such proof was introduced as to the equipment of other engines which passed the field on the day of the fire, none was made as to the freight engine that went east on the morning of the fire, and which the evidence tends to show caused the fire. The defendant therefore failed to meet the *prima facie* case made by the plaintiff and a right of recovery was established.

We find no prejudicial error in the rulings of the court upon the instructions, and we do not think the damages awarded are so excessive as to warrant a reversal of the judgment.

The judgment of the Circuit Court is affirmed.

*Affirmed.*