George J. Ringering, Appellee, v. Cleveland, Cincinnati, Chicago & St. Louis Railway Company, Appellant.

1. TORTS—*in whom right of action exists for injury from overflow of water.* If injury results from the overflow of water by reason of the failure of a railroad company to leave sufficient openings in its embankment to carry off the flow of surface water, the right of action is in the tenant unless permanent injury is done to the reversion, in which case the owner may maintain an action.

2. APPEALS AND ERRORS—*when admission of erroneous evidence will not reverse.* A judgment will not be reversed on the ground of irrelevant or incompetent evidence where the court can see that it worked no injury to the complaining party.

3. APPEALS AND ERRORS—*when giving of erroneous instruction will not reverse.* The giving of an erroneous instruction will not work a reversal if it is apparent that the jury could not have been misled prejudicially to the complaining party.

Action in case. Appeal from the Circuit Court of Madison county; the Hon. W. E. HADLEY, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 15, 1911.

D. E. KEEFE, for appellant; L. J. HACKNEY, of counsel.

C. H. BURTON, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This was an action to recover for an injury alleged to have been caused by the negligent failure of appellant to provide sufficient openings in its embankment for the passage of surface waters whereby the lands occupied by appellee as a tenant were flooded and growing crops thereon damaged. There was evidence showing the tracks of appellant were located on an embankment several hundred feet in length and crossing a course where surface waters flowed in a state of nature; that appellant's road had been constructed many

years ago and that formerly where it crossed the watercourse it had provided a trestle which left an opening for the passage of water one hundred and fifty to two hundred feet in length, but about the year 1885 it filled the opening, making a solid embankment, except it provided an opening of three pipes, two of three feet in diameter each, and one of six feet in diameter. The evidence further showed openings in the embankment were necessary to accommodate the overflow waters of Wood river which at times are so sudden and in such volume the channel of the stream is not large enough to contain them and they overflow and spread out over the surrounding low lands and that before the embankment of the appellant was made such waters naturally flowed off in much larger volume through the trestle toward Grassy lake. The tendency of this evidence was to show that before the embankment was made the water would leave the overflowed land and relieve it more rapidly than since, and that the pipes provided are not sufficient for that purpose. There was further evidence that the land of appellee was in the territory subject to such overflow and to the effect produced by holding the water back by the embankment, and that by reason of the pipes through appellant's embankment being insufficient, the water stood upon appellee's land a number of days spreading over about twenty acres of growing wheat and eight acres of timothy resulting in the destruction of both crops.

Evidence was submitted by appellant to the effect that appellee's land was low and flat, water standing upon it much of the time, and tending to show that the negligence complained of resulted in no injury to appellee for the reason that the pipes would carry off the same water the piling would under like conditions, that the land would overflow without regard to the embankment, and that it was so low and flat it would not produce crops in a rainy season.

The evidence was conflicting and we are not pre-

pared to say the verdict was wrong in this respect.

Going to the question of the measure of appellee's damages, appellant sought to prove that appellee was a tenant of the land and that his landlord was to receive as rent a portion of the destroyed crop when harvested. The court sustained objections to the proposed testimony. The landlord has filed in this court a release and waiver of all damages that might result to him if any, by reason of the alleged injury to the crops for which damages are claimed in this cause.

We are of opinion that by the weight of authority there is no right of action in the landlord to recover against appellant, but that such right is in the tenant exclusively. It is only where some injury results from the tort to the reversion that the landlord may recover damages. It must be an injury to the reversion of such permanent character that it would lessen the value of the property on the expiration of the tenancy. Dicey on Parties to Actions, marginal page 340.

The landlord has no title to the crops. He is not a tenant in common. The ownership is in the tenant subject to the lien of the landlord given by statute. This lien invests him with no title either general or special and for any injury to the crops grown or growing the right of action is in the tenant alone. Frink v. Pratt & Co., 130 Ill. 327; Indiana, Ill. & Iowa R. R. Co. v. Patchette, 59 Ill. App. 251.

"The landlord has not by virtue of his lien any title in or right of possession to the property subject to the lien, therefore he cannot maintain any action which is founded on the right of property or right of possession against a third person who removes or destroys the property thereby defeating the enforcement of the lien." Am. & Eng. Ency., Vol. 18, p. 350.

The question of the landlord's right of recovery against a stranger who acquires the property and disposes of it with notice of the lien, thereby preventing its enforcement, is not presented by this record.

Notwithstanding the cases cited in appellant's brief which hold in effect the landlord may have a right of action, we believe the weight of authority and the better reasoning support the view expressed in this opinion.

It is urged there was error in admitting improper evidence upon the measure of appellee's damages. The declaration alleged a destruction of crops of growing wheat and timothy by the overflow. The evidence established there were between twenty and twenty-two acres of growing wheat and a fraction more than eight acres of growing timothy totally destroyed. A witness was permitted, over objection, to testify what in his opinion the crops would have yielded at maturity, and their market value less the cost of harvesting, threshing and getting them on the market. There was no instruction by the court advising the jury of the proper measure of damages. Even if this evidence was purely speculative and erroneous as claimed, the error was harmless. The same witness testified without objection to the fair market value of the crops just before the overflow, and estimated the value to be about fifteen dollars per acre for the wheat and ten dollars and twelve dollars per acre for the timothy. The jury returned a verdict for $350 which was well within the latter estimate.

A judgment will not be reversed on the ground of irrelevant or incompetent evidence where the court can see it worked no injury to the complaining party.

The declaration charged appellant with locating its embankment across a natural watercourse with insufficient openings, and it is claimed this was a material averment with no proof to suppport it. As already stated there was evidence to the effect that in a state of nature the water flowed in a course across where the embankment complained of was constructed. We think this evidence fairly supports the averment. St. Louis Bridge Ry. Co. v. Schultz, 226 Ill. 409.

Complaint is made of the ruling of the trial court on

instructions.  The first given for appellee is an abstract proposition undertaking to state the statutory duty of railroad companies to restore a watercourse to its former state where the railroad crosses it and keep the crossing in repair.  The instruction stated it to be the duty to keep the watercourse instead of the crossing in repair.  It is manifest the instruction was an oversight in stating the duty.  There is no duty imposed to keep the watercourse in repair and the instruction in that respect was wrong.  After examining the whole record we are of opinion the error was harmless.  There was nothing in the pleadings or evidence claiming any such duty or from which any such supposed duty might arise.  The gist of the action was for a failure to have sufficient openings for the passage of surface water and the consequent damages and the evidence was confined exclusively to these questions.  The jury could not have been misled by the instruction.

The court refused an instruction asked by appellant to the effect that if the jury believed from the evidence that if the trestle had not been removed and appellee's land had been flooded as claimed by the overflow, he could not recover.  The evidence tended to show that in heavy rains the water would overflow the channel of Wood river and spread out over the surrounding lands including appellee's, without regard to the embankment, but further tended to show that but for the embankment the water would sooner flow away, and also that the crops were destroyed by long standing under water.  Although the land might be flooded if the water flowed off quickly, no serious damage might result.  Standing water for several days by reason of the embankment was a material element and the instruction was too narrow.

After a consideration of the whole record, no error appearing sufficient to reverse the judgment, it will be affirmed.

*Affirmed.*