## William Ufflemann, Appellee, v. St. Louis, Iron Mountain & Southern Railway Company, Appellant.

1. PARTIES, § 38*—*when objection may be raised.* The question of a proper party to a lawsuit is a question continuing throughout the trial, and may be raised at any time.

2. PARTIES, § 38*—*how objection taken.* One of the methods for raising the question of a proper party to a lawsuit is by motion to instruct the jury, followed by motion for a new trial and exception to the judgment.

3. WATERS AND WATER COURSES, § 25*—*what are remedies for overflow.* The action for injury to real estate as a result of an overflow is an action for injury to the fee or reversion, or an action for loss of rental values.

4. LANDLORD AND TENANT, § 519*—*what relation created by farm lease.* Where land is rented either for cash or a portion of the crops, the landlord has no title to the crops, growing or grown.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. LANDLORD AND TENANT, § 519*—*when landlord does not become a tenant in common.* A landlord renting land for either cash or a portion of the crops is not a tenant in common.

6. RAILROADS, § 345*—*when landlord not proper party plaintiff in action for overflow.* A landlord renting his land on shares is not a proper party plaintiff to an action against a railroad company for damages sustained to crops as a result of an overflow of water, due to insufficient outlets for a river through a constructed railway embankment.

7. RAILROADS, § 345*—*what does not prevent defendant from objecting to party plaintiff in action for overflow.* Where a landlord is an improper party plaintiff to an action' to recover damages for injuries to crops from overflow, the mere fact that the tenant appears and testifies in the case and makes no claim for the injury does not preclude the defendant from raising the question of improper party plaintiff.

Appeal from the Circuit Court of Randolph county; the Hon. LOUIS BERNREUTER, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed May 1, 1915.

H. L. BROWNING and L. O. WHITNEL, for appellant; E. G. MERRIMAN and SPRIGG & GILSTER, of counsel.

A. E. CRISLER, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

Appellee in the year of 1895 became the owner of about 259 acres of land in Randolph county on the Mississippi bottom. A part of this land was low and swampy. Modoc Creek enters it from the bluffs and flows in a southerly direction, emptying into the Coulee.

Appellee, shortly after he became owner, conveyed to the St. Louis Valley Railway Company a strip through said lands from southeast to northwest for its use as a right of way. After the construction of the railway it was acquired by appellant. The construction of this railway left about 200 acres to the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

north and east of the right of way on what is called
the bluff side of the right of way. Prior to the con-
struction of the railroad Modoc Creek had no defined
channel spreading out in time of freshets over the
land.

Since the construction of the railroad Modoc Creek
has been straightened, deepened and now has a well-
defined channel, with what is called overflow channels,
which main channel and overflow channels cross the
railroad right of way. There are three openings
across the railroad right of way known from the evi-
dence as numbers 63, 64 and 65. No. 64 is the opening
in question, the one through which the waters in the
main channel of Modoc Creek have to pass, afterwards
flowing into the Coulee. This opening is 39 feet long,
13 feet wide and 3 feet deep. The capacity admitted
to be sufficient when the waters of the Modoc are with-
in its banks, but when in flood condition claimed to be
an obstruction.

The appellee on the 14th day of August, 1913,
brought his action in case against appellant in the Cir-
cuit Court and to the September term, 1913, of said
court filed his declaration, consisting of two counts
and the amendment thereto, which it is conceded is for
injury to the rental value of the lands in question, for
the years from 1909 to 1913 inclusive, by wrongfully
and unlawfully maintaining an embankment without
sufficient openings therein to permit the natural flow of
the waters, and that the water was thereby backed up
and held upon the lands of appellee in such manner as
to prevent the planting of crops upon a portion of said
lands and destroying crops of wheat, corn and hay,
thereby injuring the rental value and income from the
same to appellee to the damage of appellee of $2,999.

A general demurrer was filed and overruled and a
trial had upon the declaration and plea of general
issue. The jury returned a verdict against appellant
for sum of $695.68. A motion for new trial entered

and overruled. Judgment entered upon verdict, from which judgment appellant prosecutes this appeal.

The undisputed evidence of the appellee is that during the last five years prior to the trial this land was by verbal contract rented to a Mr. Renner for one-third of everything except hay, of which appellee received as rent one-half. Before, the land was rented to Mr. Dorn under the same kind of an agreement. Appellee visited the land once or twice a year when they hauled corn or wheat to collect rent and look over the place.

Evidence was offered by appellee showing overflow at different times and injury to rental value of land. The appellant at the close of appellee's evidence and at the close of all the evidence by proper motion asked to have jury peremptorily instructed to find for appellant, which motion was overruled and instruction refused. The evidence offered by appellant was as to conditions of land prior to building of embankment and since the building thereof, denying that the building of the embankment and the construction of the opening had in any way contributed to the injury of appellee.

Appellant asks for a reversal of this case upon the following errors:

First. That the suit cannot be maintained because appellee is an improper party plaintiff.

Second. That if suit can be maintained by the owner for permanent injury, then there was error in admitting evidence as to measure of damages.

Third. The giving of improper instructions for appellee.

The first error argued is the important proposition in this case, and as appellee says this error is an afterthought and was not argued or presented to trial court, it is necessary to refer to the record; and there is found the motion to instruct jury at close of plaintiff's evidence followed by motion for new trial and excep-

tion to judgment, which of itself preserves the question of appellee's right to recover under undisputed facts. The question of a proper party to a lawsuit is a question continuing throughout the trial, and may be raised at any time. One of the methods of raising this question is by the motion for an instruction such as was made in this case followed by motion for new trial and the exception to the judgment.

The authorities recognize for injuries by overflow, an action for injury to the fee or reversion; also an action for loss of rental values. It is conceded that this is an action for loss of rental values only. That the land overflowed in this case was rented and in possession of a tenant is not disputed. The law is well established that where land is rented for either cash or a portion of the crops the landlord has no title to the crops, growing or grown. It is also settled that he is not a tenant in common. If this is true on the same theory, the landlord cannot bring an action which is founded on the right of property or the right of possession against a third person who removes or destroys the property. The rental value in this case was in the nature of property, a portion of the crop the title to which and the right of possession was in the tenant until the rent stipulated was delivered or paid to appellee.

Appellee contends that this action being for rental value of land, a portion of which was never planted, is upon a different foundation than for destruction of crops. The evidence of appellee does not sustain this position; from this evidence there was no portion of this farm that was not rented and in possession of the tenant. Therefore this case does not come under those authorities where the landlord occupied the premises and exercised authority in the farming operations.

It is further argued by appellee that where the tenant appears and testifies in the case and makes no claim for the injury, the party sued cannot raise the

question of the improper party plaintiff, and refers to the case of *Toledo, St. L. & W. R. Co. v. Farris,* 117 Ill. App. 108; but when this case is read with other authorities and the reasons given for it, it is against the weight of authority.

It is further argued by appellee: "That actions upon the case do not depend upon the holding by the plaintiff of legal estate in the thing for an injury to which the action is brought. It lies for an injury to the private rights of another." This is true as a general proposition, but as applied to this case it is for an injury to crops that at the time he did not have the title nor the right of possession to, and the authorities cited do not apply.

It is said by appellee that the case of *Ringering v. Cleveland, C., C. & St. L. Ry. Co.,* 161 Ill. App. 43, does not apply because in that case a suit brought by the tenant was sustained because the landlord had filed a release to the damages sought. However, the case was not decided by this court upon the release nor was it mentioned in the decision as having any weight upon the right of the tenant to maintain the suit. The case of *Ringering v. Cleveland, C., C. & St. L. Ry. Co.,* 161 Ill. App. 43, is a case decided by this court, and the opinion shows a careful investigation of the authorities upon the question before us. We adopt the following language of the opinion:

"We are of opinion that by the weight of authority there is no right of action in the landlord to recover against appellant, but that such right is in the tenant exclusively. It is only where some injury results from the tort to the reversion that the landlord may recover damages. It must be an injury to the reversion of such permanent character that it would lessen the value of the property on the expiration of the tenancy." Dicey on Parties to Actions, marginal page 340, and other authorities there cited.

From an examination of the record and authorities

the question was raised upon the motion to instruct, and by the motion for new trial and the refusal of the instruction under the undisputed facts was reversible error. The sustaining of the contention of appellant upon the first proposition makes it unnecessary to dispose of the other errors argued, as it is conceded this was not a suit for permanent injury. For the error sustained the judgment will be reversed and cause remanded for further proceedings, in accordance with the views here expressed.

*Reversed and remanded.*